In support of this plea is was argued for the executor that although before any suit commenced an executor, in case of deficiency of assets, may pay which of two creditors of equal dignity he may think proper, yet where one of them hath commenced suit, he cannot pay the other to his prejudice; and, therefore, he who first commences his action is first entitled to payment. The executor in the present case could not with any safety plead otherwise than he hath done; he hath pleaded the truth of his case to the suits he was first bound to plead to; he hath admitted assets, and made an appropriation of them to the creditors in these suits; and to this suit which he was afterwards bound to plead to, (296) he hath pleaded in substance that appropriation. There was no other course for him to take. This method of pleading is sanctioned by *Page 236 Waters v. Ogden, Doug., 453, 454. There the executor had assets, but to a certain amount, not adequate to the payment of the demand of either creditor; but he confessed what assets he had to the demand of one creditor, and to the other demand of the other creditor he pleaded the other suit, and the confession of the assets he had to that demand, and it was held well. In the present case the executor had not assets to satisfy all the creditors; but he pleaded to the suits in the county court so as to admit and appropriate to these demands all the assets he had, and he has pleaded that appropriation to this suit. It would be excessively hard should he be compelled to satisfy this demand also, which must be out of his own pocket if satisfied at all.
It was argued that amongst creditors of equal degree it is not the first suit that entitles to priority of payment, but the first obtaining of judgment. Off. Ex., 138, 144. Where there are several demands of equal dignity, and the creditors all sue, and the executor hath assets but for part, if he pleaded to each of these demands that he hath assets but to a certain amount, each of them may have judgment to that amount; or if he plead to each plene administravit, at the trial a verdict must be against him upon each demand to the amount of the assets, because at the time of the plea pleaded each plea was untrue, and the jury in each cause must upon such evidence say that it was not a true plea at the time when pleaded; and so the verdict in each cause must be for the plaintiff. If he plead to some of these suits the amount of the assets, and to the others that he hath made an appropriation of his assets, that will not be good pleading, because after suits commenced he has not a right to pay whom he pleases first, but only such of them as could first get judgment. In such case, where there is a deficiency of assets to pay all, the proper method to be observed by an executor is to confess judgment to some of the creditors to the amount of his assets, and plead the judgments to the other suits. Wood's Inst., 332; Nels. Ab., 787; God., 219, 223, 324; 1 P. Wil., 295. As to the case cited from Douglas, that is not applicable to this. There the assets were not sufficient to satisfy the demand of either plaintiff, and for that reason the plaintiff (297) to whose suit the appropriation was made would not enter judgment so that it could be pleaded to the other suit, and the executor had no means to compel him to enter it; but in the case now before the Court the assets in the hands of the executor were to a much larger amount than the several demands sued for in the county court, and had the executors confessed judgment severally to the amount of each demand, the Court would have compelled the plaintiffs in those suits to have entered their respective judgments so that they might be pleaded to this suit. *Page 237